1  ROY A. KATRIEL (SBN 265463)
2  **THE KATRIEL LAW FIRM, P.C.**
   2262 Carmel Valley Rd., Suite 201
   Del Mar, CA  92014
3  Telephone: (619) 363-3333
   Facsimile: (866) 832-5852
4  e-mail: rak@katriellaw.com

5  RALPH B. KALFAYAN (SBN 133464)
   IAN D. KRUPAR (SBN 350391)
6  **THE KALFAYAN LAW FIRM, APC**
   2262 Carmel Valley Rd., Suite 200
7  Del Mar, CA 92014
   Telephone: (619) 232-0331
8  Facsimile: (619) 232-4019
   e-mail: ralph@rbk-law.com
9  e-mail: ian@rbk-law.com

10 *Counsel for Plaintiff Lisa Bodenburg*

11 *and the Putative Class*

12

13                  **UNITED STATES DISTRICT COURT**

14               **NORTHERN DISTRICT OF CALIFORNIA**

15

16 LISA BODENBURG, On Behalf of Herself          **No.**
   And All Others Similarly Situated,
17
                          Plaintiff,           **CLASS ACTION COMPLAINT**
18
              v.                                **Class Action**
19
   APPLE INC.,                                  **Jury Trial Demanded**
20
                          Defendant.
21

22

23

24

25

26

27

28

## NATURE OF THE ACTION

1.      Plaintiff Lisa Bodenburg ("Plaintiff" or "Bodenburg") brings this Class Action Complaint against Defendant Apple Inc. ("Defendant" or "Apple") on behalf of herself and all other similarly situated persons in the United States who during the Class Periods defined below paid for subscriptions to Apple's iCloud service.  Plaintiff alleges claims for breach of contract, violations of California's Consumer Legal Remedies Act (California Civil Code, §§ 1750 *et seq.*), violations of California's False Advertising Law (California Business and Professions Code, §§ 17500 *et seq.*), and violations of California's Unfair Competition Law (California Business and Professions Code, §§ 17200 *et seq.*).

2.      As detailed below, Apple has failed to deliver the cloud storage capacity that class members paid for and that Apple contracted to deliver.  Instead, in each instance, Apple delivered 5 GB less of cloud storage than what it had promised in exchange for receiving class members' iCloud monthly subscription payments.

3.      Apple's iCloud service provides users the ability to store their digital data on remote servers, as opposed to keeping the data stored merely on the users' devices.  This is commonly referred to as "storing on the cloud."   By default, each Apple device owner is provided 5 GB of iCloud storage for free.  Neither a subscription plan nor a payment is required to obtain this free 5 GB of storage, which is provided to all Apple device owners.

4.      Throughout the Class Period, Apple also sold iCloud subscriptions to the putative class members by which Apple represented to class members that, in exchange for paying Apple monthly subscription fees, Apple would provide them with additional cloud storage beyond the free 5 GB of storage automatically provided to all.  This additional cloud storage would provide added capacity up to certain limits (measured in gigabytes (GB) or terabytes (TB)) depending on the subscription plan purchased.

5.      The terms governing Apple's provisioning of iCloud are set forth in the iCloud Legal Agreement drafted by Apple, the latest version of which is attached hereto as Exhibit 1. As the iCloud Legal Agreement explains:

-1-

*Bodenburg, et al. v. Apple Inc.*,
No.

CLASS ACTION COMPLAINT

"Your Account is allocated 5GB of storage capacity as described in the iCloud feature pages. ***Additional storage*** is available for purchase, as described below."

Exhibit 1 hereto [iCloud Legal Agreement], at §I.C. (emphasis added).

6.    At the same time, Apple published a price list for the various iCloud paid subscription plans.   The latest such Apple price list is attached hereto as Exhibit 2.  Apple's price list represents and documents the following three separate subscription plans in the United States:

> a.  For a monthly payment of $0.99, a subscriber is to receive from Apple 50 GB of storage;
>
> b.  For a monthly payment of $2.99, a subscriber is to receive from Apple 200 GB of storage;
>
> c.  For a monthly payment of $9.99, a subscriber is to receive from Apple 2 TB of storage.

7.    The paid cloud storage Apple would be providing in exchange for the monthly subscription payments it received from the paying subscriber putative class members was to be *in addition to* the 5 GB of free storage already provided to all Apple devices.   To underscore that the storage limits Apple provides in exchange for the class member's monthly payment are in addition to the 5 GB of cloud storage already provided to all subscribers free of charge, Apple has since approximately June 2021 called its 5 GB of free cloud storage "iCloud," but calls its paid subscription plans "iCloud+" (pronounced "iCloud Plus).

8.    So, as part of Apple's contractual promise, any person paying for an iCloud storage subscription (now called "iCloud+") was to receive the following from Apple: the 5 GB of free storage provided to all Apple device owners for free as part of Apple's "iCloud" product; and, the added capacity limits paid for by that subscriber as part of the separate "iCloud+" product according to the iCloud+ or paid subscription tier purchased (*i.e.,* either an additional 50 GB, 200 GB, or 2 TB).   That is, paying subscribers bargained for and were to receive the iCloud product offering made available to all Apple device owners (*i.e.,* 5 GB of free cloud storage) and

*Bodenburg, et al. v. Apple, Inc.*,
No.                                                                                                          CLASS ACTION COMPLAINT

the paid storage limits (50 GB, 200 GB, or 2 TB, depending on subscription plan) forming part of the separate iCloud+ product offering for which the subscribers paid Apple.

9.      In fact, however, Apple breached that contractual promise and never delivered what it had promised and advertised.  Instead, when a class member purchased from Apple a monthly cloud storage subscription (now called "iCloud+"), Apple deducted the 5 GB of storage it already was delivering to all its device owners for free from the advertised additional storage limits it was to deliver in exchange for the monthly subscription payment.  In this way, Apple shortchanged all putative class members 5 GB of storage every month of their paid subscriptions.

10.      As an example, an Apple device owner who subscribed to the lowest paid subscription tier of iCloud (now iCloud+) storage was charged $0.99 per month and, in exchange *for that payment*, was promised to receive 50 GB of *additional* storage for that month.   So, Apple should have delivered to that owner a total of 55 GB of cloud storage – the 5 GB it had already committed to deliver to him and all other Apple device owners for free from the time of device ownership under the free iCloud program plus the additional 50 GB of paid storage that Apple represented it would provide to the user under the paid iCloud monthly subscription program (now called "iCloud+") in specific exchange for the user's $0.99 monthly subscription payment.

11.      But Apple did no such thing.  Instead, it delivered only 50 GB of total storage to the paying subscriber.  Apple shortchanged the 5 GB of free storage from each of its paid subscription plan subscribers.  Thus, in exchange for the monthly payment of $0.99, that subscriber received only 45 GB of paid cloud storage, not the 50 GB of paid storage he contracted for and was promised.

12.      A paying subscriber to Apple's 200 GB paid iCloud subscription plan (now called "iCloud+") should have received from Apple the 200 GB of storage provided by "iCloud+" or paid subscription plan as well as the 5 GB of free storage under the separate pre-existing free iCloud offering Apple provided to all device owners.  Instead, Apple provided that paying subscriber only 200 GB of storage, shortchanging her by 5 GB.  In exchange for the class

member's payment of $2.99 per month, Apple provided only 195 GB of storage, not the promised 200 GB.

13.    The same is true with respect to a paying subscriber to the 2 TB level who should have received from Apple the 2 TB of storage provided by as part of the paid monthly subscription iCloud plan (now called "iCloud+") as well as the 5 GB of free storage under the separate pre-existing free iCloud offering Apple provided to all device owners.  Instead, Apple provided that paying subscriber only 2 TB of storage, shortchanging her by 5 GB.   In exchange for the monthly payment of $9.99, that subscriber received only 1,995 GB of paid cloud storage, not the 2000 GB (2 TB) of paid storage she contracted for and was promised.

14.    Plaintiff, who like all putative class members paid Apple for an iCloud storage subscription for which Apple failed to deliver the promised storage capacity, now brings this action on behalf of herself and all other similarly situated persons in the United States who during the Class Periods paid Apple for an iCloud subscription (called "iCloud+" since June 2021).  She seeks redress for: Apple's breach of contract; violations of California's False Advertising Law; violations of California's Consumer Legal Remedies Act; and, violations of California's Unfair Competition Law.  Apple's iCloud contract contains a choice of law provision, by which Apple and all iCloud subscribers nationwide agreed to be bound by California law with regard to their rights and liabilities in connection with the use and purchase of the iCloud service.  *See* Ex. 1 to Class Action Complaint, at § X.B ("Except to the extent expressly provided in the following paragraph, this Agreement and the relationship between you and Apple shall be governed by the laws of the State of California, excluding its conflicts of law provisions.").

## JURISDICTION AND VENUE

15.    This Court has subject-matter jurisdiction over all claims asserted in this Class Action Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).   Plaintiff's action is brought on behalf of a class of nationwide subscribers of Apple's iCloud service during the Class Periods, and Defendant Apple is a citizen of California.  This putative class action, therefore, satisfies the diversity of citizenship requirement.  Given the redress sought and that class members number in

-4-

the millions, this Class Action Complaint also satisfies the amount in controversy requirement, as the amount of redress sought exceeds $5 million exclusive of interest, attorneys' fees, or costs.

16.     This Court has personal jurisdiction over Defendant because Apple is a corporation incorporated under the laws of the State of California and has its principal place of business within this state and judicial district at One Apple Park Way in Cupertino, California 95014.

17.     Venue is proper in this district because Apple's principal place of business is located within this judicial district, the acts underlying all claims asserted in this Class Action Complaint arose from within this judicial district and, as part of the iCloud contract, all parties agreed to submit to venue in courts located within the county of Santa Clara, California.  *See* Ex. 1 to Class Action Complaint, at § X.B.  Venue in this Court, therefore, is proper pursuant to 28 U.S.C. § 1391.

## INTRADISTRICT ASSIGNMENT

18.     Pursuant to Civil L.R. 3-5(b), Plaintiff alleges that under Civil L.R. 3-2(e) and the Court's General Order No. 44, assignment of this action to the San Jose Division is appropriate because the events giving rise to the claims arose from Apple's principal place of business in Santa Clara County.  Plaintiff, the putative class members, and Apple also agreed as part of the iCloud agreement "to submit to the personal and exclusive jurisdiction of the courts located within the county of Santa Clara, California, to resolve any dispute or claim arising from this Agreement."  Ex 1 to Class Action Complaint, at § X.B.

## PARTIES

19.     Plaintiff Lisa Bodenburg is a resident of California.  During the Class Period, Plaintiff subscribed to Apple's paid iCloud service, paid money to Apple for her iCloud subscription, and used iCloud to store her data on the cloud.    Plaintiff subscribed to and paid Apple for the middle tier paid Apple iCloud subscription, under which she was to receive 200 GB of storage specifically in exchange for her subscription payment to Apple of $2.99 per month.  In addition, Plaintiff, like all Apple device owners (and class members), also already had 5 GB of cloud storage before her paid subscription that was provided to her by Apple under Apple's

-5-

allotment of 5 GB of free iCloud storage made available to all Apple device owners without regard to whether they subscribe to a paid iCloud subscription (called "iCloud+" since June 2021). Thus, altogether, Apple should have provided Plaintiff with a total of 205 GB of cloud storage consisting of the 5 GB of free storage that she, like all device owners, already had from Apple for free plus the 200 GB of storage for which she paid Apple her monthly $2.99 subscription fee. Apple, however, shortchanged Plaintiff. It provided Plaintiff with only 195 GB of storage in exchange for her payment.

20.     Defendant Apple Inc. is a corporation organized under the laws of the State of California, and having its principal place of business at One Apple Park Way in Cupertino, California 95014. Apple is one of the world's largest and most popular maker of, *inter alia*, wireless devices, such as the various versions of the iPhone and iPad. In addition to these devices, Apple sells various services to be used in connection with its devices, including its iCloud and iCloud+ service. During the Class Periods, Apple advertised, offered for sale, and sold its various iCloud offerings.

## APPLE'S iCLOUD SERVICE AND CONTRACTUAL MISREPRESENTATION

21.     Cloud storage involves storing data on hardware in a remote physical location, which can be accessed from any device via the internet. Clients send files to a data server maintained by a cloud provider instead of (or as well as) storing it on their own hard drives.

22.     Apple launched its iCloud cloud storage and computing service on or about October 12, 2011. iCloud enables users to store data such as documents, photos, and music on remote servers for download to iOS, macOS, or Windows devices, to share and send data to other users, and to manage their Apple devices if lost or stolen.

23.     All owners of Apple devices are automatically granted up to 5 GB of iCloud storage for free. If an Apple device user wishes to store more than 5 GB of data on the cloud through iCloud, then that user must subscribe to iCloud's separate paid monthly subscription service. Since approximately June 2021, Apple has called its iCloud paid monthly subscription

plan "iCloud+," while retaining the name "iCloud" for the 5 GB of cloud storage automatically offered free of charge to all Apple device owners.

24.   Apple provides its iCloud and separate iCloud+ descriptions to the public in its online program descriptions and price lists, a pertinent portion of which is copied below:



## iCloud+ plans and pricing

When you sign up for iCloud, you automatically get 5GB of free storage. If you need more iCloud storage or want access to premium features, you can upgrade to iCloud+.

### About iCloud+

iCloud+ is Apple's premium cloud subscription. It gives you more storage for your photos, files, and backups, and additional features* available only to subscribers:

| iCloud+ with 50GB storage | iCloud+ with 200GB storage | iCloud+ with 2TB storage |
|---|---|---|
| • 50GB of storage<br>• iCloud Private Relay<br>• Hide My Email<br>• Custom Email Domain<br>• HomeKit Secure Video support for one camera<br><br>Share everything with up to five other family members. | • 200GB of storage<br>• iCloud Private Relay<br>• Hide My Email<br>• Custom Email Domain<br>• HomeKit Secure Video support for up to five cameras<br><br>Share everything with up to five other family members. | • 2TB of storage<br>• iCloud Private Relay<br>• Hide My Email<br>• Custom Email Domain<br>• HomeKit Secure Video support for an unlimited number of cameras<br><br>Share everything with up to five other family members. |

You can upgrade to iCloud+ from your iPhone, iPad, iPod touch, Mac, or PC. After you upgrade, you'll be billed monthly.[1] See the monthly pricing and plans per country or region below.

* Not all features are available in all countries or regions. Without access to your IP address, some websites may require extra steps to sign in or access content after you turn on iCloud Private Relay. HomeKit Secure Video requires a supported iCloud

Ex. 2 hereto.

25.   Below that description of iCloud (the free service) and iCloud+ (the paid subscription plan service), Apple publishes a price list detailing the amount of cloud storage it will offer in exchange for specific monthly payments made by subscribers to its paid cloud storage program (now called "iCloud+").   The pertinent portion of that representation is reprinted below:

*Bodenburg, et al. v. Apple, Inc.*,
No.

CLASS ACTION COMPLAINT

iCloud+ pricing

- North America, South America, Latin America, and the Caribbean
- Europe, the Middle East, and Africa
- Asia Pacific

North America, South America, Latin America, and the Caribbean

Bahamas (USD)
**50GB**: $0.99
**200GB**: $2.99
**2TB**: $10.99

Barbados (USD)
**50GB**: $0.99
**200GB**: $3.49
**2TB**: $11.99

Brazil (BRL)
**50GB**: R$ 4.90
**200GB:** R$ 14.90
**2TB:** R$ 49.90

Canada (CAD)
**50GB**: $1.29
**200GB**: $3.99
**2TB**: $12.99

Chile (CLP)
**50GB**: $650
**200GB**: $1900
**2TB**: $6500

Colombia (COP)
**50GB**: $3900
**200GB**: $12900
**2TB**: $44900

Mexico (MXN)
**50GB**: $17
**200GB**: $49
**2TB**: $179

Peru (PEN)
**50GB**: S/.2.90
**200GB**: S/.9.90
**2TB**: S/.34.90

United States[4] (USD)
**50GB**: $0.99
**200GB**: $2.99
**2TB**: $9.99

*Id.* (highlighting added).

26.    Apple's representations therefore inform the public and all putative class members that all Apple device owners will receive 5 GB of iCloud storage for free without the need for any subscription plan or payment.   Apple also informs the public and all putative class members that, in addition to that 5 GB of free storage made available to all Apple device owners, Apple device owners who opt to contract and pay for specific "premium" iCloud storage service will also received additional iCloud storage capacity in exchange for their monthly subscription payments; namely: 50 GB of paid storage in exchange for a  monthly payment of $0.99; 200 GB of paid storage in exchange for a monthly payment of $2.99; and,  2 TB of paid storage in exchange for a monthly payment of $9.99.

27.    Based on Plaintiff's review of the iCloud legal agreement and Apple's price list for the paid iCloud subscription plans, Plaintiff understood that she would receive 5 GB of iCloud storage for free and any additional storage she paid for as part of the paid iCloud subscription plan she opted to purchase from Apple.  Plaintiff relied on these representations in making her purchasing decision for an Apple paid iCloud subscription.

28.    Nowhere in its contractual representations, advertising, or elsewhere does Apple inform its device owners that if they contract with, and pay Apple for, a monthly iCloud plan, the storage Apple will provide in specific exchange for the iCloud subscriber's monthly payment includes the 5 GB of free iCloud storage that user already was receiving for free.  That is, Apple does not inform any of its device owners that the 50 GB of *paid* iCloud storage Apple agrees to provide in exchange for a user's $0.99 monthly payment, is really a commitment to provide only 45 GB of storage in exchange for the $0.99 monthly payment in addition to the 5 GB of free iCloud storage that user already was receiving for free all along.

29.    Instead of providing the paid iCloud storage capacity Apple contracted to provide in specific exchange for the payment the user provided, Apple breached its contractual promise and its representations by only providing the paid storage capacity limits it promised minus the 5 GB of free iCloud storage that user already was receiving or was entitled to receive from Apple for free. Apple, in effect, is in breach of its own iCloud contract and representations.  The manner

-9-

in which Apple apparently interprets its contractual obligation also runs counter to industry custom. Apple represents that the paid iCloud storage capacity limits it offers amount to "*[a]dditional storage* [that] is available for purchase." Exhibit 1 hereto [iCloud Legal Agreement], at §I.C. (emphasis added). In practice, however, Apple interprets its contract as providing that the paid iCloud capacity limits it offers for a monthly subscription payment are not "additional storage" limits to the free 5 GB of storage Apple offers all its device owners but, instead, amount to the "total" storage that, together with the 5 GB of free iCloud storage Apple already provides to all its device owners, Apple will be obligated to provide.

30.    Not only does Apple's apparent interpretation (and breach) of its contract violate the language of the iCloud agreement Apple itself drafted but it also violates the custom and practice in the industry. There are providers of cloud storage other than Apple in the industry. Like Apple, some of these providers grant users a free amount of cloud storage without the need for any subscription or payment and, like Apple, also sell a separate paid subscription if users desire more storage than is made available for free.

31.    Google, for example, is one such provider of cloud storage through its free Google storage product and its paid Google One cloud storage offering. Like Apple, Google provides some allotment of free cloud storage to all its account holders—in Google's case, this amounts to 15 GB of free cloud storage that is shared across the Google Drive, Gmail, and Google Photos offerings. For those Google account holders wishing more cloud storage than the 15 GB that Google offers for free to all, Google also provides a paid subscription plan called Google One that provides 100 GB or more (depending on subscription tier) of cloud storage. Specifically, in addition to the 15 GB of cloud storage offered to all its account holders for free, Google offers the following Google One paid subscription plan levels: for Google One Basic costs $0.49 per month for the first 3 months and $1.99 per month thereafter and offers 100 GB of cloud storage; Google One Standard costs $0.75 per month for the first 3 months and $2.99 per month thereafter and offers 200 GB of cloud storage; and, Google One Premium costs $2.49 per month for the first 3 months and $9.99 per month thereafter and offers 2 TB of cloud storage.

-10-

*Bodenburg, et al. v. Apple, Inc.*,                    CLASS ACTION COMPLAINT
No.

32.     Unlike Apple, however, Google makes expressly clear that each of the foregoing paid subscription capacity limits represents the "total" storage provided inclusive of the free 15 GB of storage provided to all Google account holders, not "additional storage" to the free storage offered to all users.  A copy of Google's website representation for its free Google storage and paid Google One subscription plans is reprinted below and provides in pertinent part the following explanation:



What's the difference between Google One cloud storage and the cloud storage that comes with every Google Account?

Every Google Account comes with 15 GB of storage that's shared across Google Drive, Gmail, and Google Photos. When you upgrade to Google One, your total storage increases to 100 GB or more depending on what plan you choose. You also get extra member benefits and access to support from Google experts - all of which you can share with your family. Learn more about storage with Google One.

33.     As Google's foregoing representation provides:

Every Google Account comes with 15 GB of storage that's shared across Google Drive, Gmail, and Google Photos.  When you upgrade to Google One, **your _total_ storage increases to 100 GB or more** depending on what plan you choose.

Ex. 3 hereto (emphasis added).

-11-

34. The discrepancy in representations between Google and Apple could not be more stark. Whereas Google discloses to its subscribers that the paid cloud storage limits it contract to provide in exchange for a subscription payment represents the "total" storage Google will provide inclusive of the 15 GB of free storage made available to all Google account holders (*id*.), Apple's iCloud Legal Agreement's disclosure provides the opposite and informs its subscribers that the paid iCloud subscription plan (now called "iCloud+") capacity limits represents "Additional storage" beyond the 5 GB of free storage made available to all Apple device owners.   Ex. 1 hereto at §I.C.

35. Apple was the sole drafter of the iCloud Legal Agreement and all accompanying price lists and representations without any input or drafting from Plaintiff or class members.  Thus, to the extent any ambiguity exists in the language of  Apple's contractual language for its paid iCloud subscription (now called "iCloud+"), that ambiguity would be strictly construed against Apple's interests.

## CLASS ALLEGATIONS

36. Pursuant to Federal Rules of Civil Procedure 23(b)(3) and (b)(2), Plaintiff brings this action as a class action on behalf of herself and all other similarly situated subscribers within the United States who during the Class Periods paid for an Apple iCloud subscription (also called "iCloud+" since June 2021).   The Class Period applicable to Count I (breach of contract) and Count IV (violations of UCL) of Plaintiff's Class Action Complaint is the period from September 1, 2019 until the date of the filing of Plaintiff's motion for class certification.  The Class Period applicable to Count II (CLRA violations) and Count III (FAL violation) of Plaintiff's Class Action Complaint is the period from September 1, 2020 until the date of the filing of Plaintiff's motion for class certification. Specifically excluded from all these putative class definitions are Apple, its employees, and directors. Plaintiff reserves the right to amend these putative class definitions as discovery or other case circumstances may warrant.

37. Class certification is appropriate because the class sought to be certified is more than sufficiently numerous to make joinder practical.  Upon information and belief, based on Apple's

*Bodenburg, et al. v. Apple, Inc.*,                                                      CLASS ACTION COMPLAINT
No.

regulatory filings, common knowledge, and media reporting, the number of paying iCloud subscribers in the United States numbers at least in the tens of millions.

38.     Class certification is appropriate because Plaintiff and her counsel are adequate class representatives.  Like all members of the class she seeks to represent, Plaintiff paid for Apple's iCloud cloud storage service during the Class Periods and, like all class members, Plaintiff alleges that Apple breached its iCloud agreement with her, violated the CLRA, misrepresented and falsely advertised its paid iCloud offering, and violated the UCL by, *inter alia*, failing to provide the cloud storage capacity it contracted and promised to provide in specific exchange for the monthly iCloud subscription payment that Plaintiff and putative class members provided to Apple.  Instead, in each instance, Apple deducted the 5 GB of free storage it already was providing to all Apple device owners from the separate paid cloud storage capacity Apple had separately represented and had contracted to provide in exchange for Plaintiff's and each class member's monthly iCloud subscription payment.  Plaintiff's counsel are experienced in class action litigation, including previous classwide litigation against Apple, and will adequately represent the interests of putative class members.

39.     Class certification is appropriate because Plaintiff's action raises common questions of fact or law, whose means of proof predominates over questions that may call for individual adjudication.  Among these predominating common questions of fact or law are:

a.   Whether Apple and the class members entered into a contract for the provision of iCloud cloud storage services and, if so, the material terms of such contracts;

b.   Whether Apple materially breached its iCloud agreement with class members;

c.   Whether any contractual breach caused harm or injury;

d.   Whether Apple made and disseminated to the public any representation about its iCloud that was false or misleading;

e.   The measure of any damages, restitution, or other recovery due to the class members as a result of Apple's conduct alleged herein;

f.    Whether Apple's non-disclosure that it is shortchanging the cloud storage it makes available to class members in exchange for their payment of a subscription fee should be enjoined.

40.    Class certification is appropriate because Plaintiff's claims are typical of the claims asserted on behalf of the putative class members.  Plaintiff, like all class members, claims that she was harmed because Apple falsely represented that it would provide a certain amount of cloud storage in exchange for a monthly subscription payment made to Apple by class all members when, in fact, the cloud storage Apple provided to class members fell short by 5 GB. All claims asserted by Plaintiff also are asserted on behalf of all class members, and there are no conflicts of interest that render Plaintiff's claims or interests atypical of the claims or interests of the class members.

41.    Class certification is appropriate because classwide adjudication of the claims alleged by Plaintiff is superior to separate adjudication by individual class members, which may yield conflicting results, judgments, and obligations.  Further, the costs of litigating this complex action against a large multi-national defendant like Apple renders individual litigation impractical and unfeasible, thereby rendering classwide adjudication a superior means of resolving the claims alleged in this Class Action Complaint.

42.     Class certification also is separately and independently appropriate because Apple has acted or refused to act on grounds generally applicable to the class, such that final injunctive relief or declaratory relief is appropriate respecting the class as a whole.

## <u>COUNT I</u>

### (Breach of Contract)

43.    Plaintiff hereby incorporates by reference the allegations in paragraphs 1-42 of this Class Action Complaint with the same force and effect as if those allegations had been fully restated herein.

44.     Plaintiff and the members of the putative class entered into a contractual agreement with Apple governing their relationship with respect to the Apple iCloud service.  A copy of the current version of that agreement is attached hereto as Exhibit 1.

45.     A material term of the iCloud agreements in effect throughout the Class Period applicable to this Count I of the Class Action Complaint was Apple's promise and representation that, in exchange for class members' payment of an iCloud monthly subscription fee, Apple would provide "[a]dditional storage" to the 5 GB of iCloud storage Apple already had promised to provide free of charge to all Apple device owners.  In specific exchange for class members' payment of an iCloud monthly subscription fee of $0.99, Apple contracted to provide 50 GB of storage in addition to the 5 GB of iCloud storage it already was providing for free to all Apple device owners; in specific exchange for class members' payment of an iCloud monthly subscription fee of $2.99, Apple contracted to provide 200 GB of storage in addition to the 5 GB of iCloud storage it already was providing for free to all Apple device owners; and, in specific exchange for class members' payment of an iCloud monthly subscription fee of $9.99, Apple contracted to provide 2 TB of storage in addition to the 5 GB of iCloud storage it already was providing for free to all Apple device owners.

46.     Plaintiff and class members fully performed their material obligations under their iCloud agreements with Apple by paying the iCloud monthly subscription fees charged by Apple.

47.     Apple materially breached its iCloud agreements with Plaintiff and the class members because, without Plaintiff's or class members' prior consent, Apple failed to deliver the 5 GB of free iCloud storage in addition to the separate iCloud storage capacity the parties contracted for Apple to provide in specific exchange for the class members' payment of their monthly iCloud subscription fees.  Instead, in each instance, Apple breached its contractual promise by delivering 5 GB of iCloud storage less than Apple was obligated to provide under its iCloud contract with Plaintiff and class members.

48.     Apple's breach of its iCloud agreements with Plaintiff and class members was material, as individuals base their purchasing price and decision for cloud storage, at least in material part, on the

-15-

total cloud storage capacity being made available to them.  All class members contracted for Apple to provide them 5 GB of free iCloud storage plus the "[a]dditional storage" capacity Apple represented it would provide as part of the paid iCloud subscription plans that Plaintiff and the class members contracted to receive from Apple.  The storage capacity Apple provided, however, fell short by 5 GB in each instance.

49.    Plaintiff and class members were injured as a proximate, direct, and foreseeable result of Apple's material breach of the iCloud agreements.  Plaintiff and the class members are entitled to damages to protect the benefit of the bargain they struck with Apple but which Apple failed to deliver, amounting to the difference in value to Plaintiff and the class members between the iCloud storage they contracted to receive from Apple and the diminished iCloud storage they actually received from Apple.

50.    Plaintiff and class members are entitled to an award of damages as redress for Apple's material breach of the iCloud agreements with Plaintiff and the class members, including but not limited to, compensatory damages and/or benefit-of-the-bargain damages.

51.    Plaintiff and class members also are entitled to injunctive relief to enjoin Apple from continuing breaching the iCloud agreement by misrepresenting the storage capacity Apple will provide in exchange for an iCloud subscription payment.

## <u>COUNT II</u>

**(CA Consumer Legal Remedies Act – Violation Of California Civil Code, § 1750 *et seq*.**

**For Declaratory, Injunctive, and Equitable Relief Only)**

52.    Plaintiff hereby incorporates by reference the allegations in paragraphs 1-51 of this Class Action Complaint with the same force and effect as if those allegations had been fully restated herein.

53.    Apple has violated the following provisions of Cal. Civ. Code §1750 et. seq.: (a) Cal. Civ. Code §1770(a)(5): by representing that its goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; (b) Cal. Civ. Code §1770(a)(7): by representing that its goods or services are of a particular standard, quality, or grade,

-16-

if they are of another; (c) Cal. Civ. Code §1770(a)(9): by advertising goods and services with the intent not to sell them as advertised; and, (d) Cal. Civ. Code §1770(a)(14): by representing that its subscription service confers or involves rights, remedies, or obligations which it does not have or involve.

54.     Apple undertook the above and acts or practices in transactions intended to result, or which did result, in the sale of its iCloud subscription plans (now called "iCloud+") to customers for personal, family, or household use.

55.     Apple therefore has violated the Consumers Legal Remedies Act, and Plaintiff prays for declaratory, equitable and injunctive relief authorized by that Act.   Plaintiff is entitled to and seeks a declaration that Apple's practice of providing 5 GB of iCloud storage less than what it represented and contracted to provide breaches its contractual agreement with Plaintiff and violates Apple's binding promises, representations, and advertising.   Plaintiff also is entitled to and seeks an order enjoining Apple from continuing to provide iCloud storage in the manner it has done and continues to do and, instead, requiring Apple to provide the full extent of the iCloud storage capacity it is required to provide class members (*i.e.,* the iCloud storage capacity limits forming part of the paid iCloud subscription plan (now called "iCloud+") a class member paid for plus the 5 GB of free storage Apple already was separately under an obligation to provide for free to that class member).

56.     Plaintiff is serving Apple with a written demand by Certified Mail Return Receipt Requested under California Civil Code, § 1782, demanding that Apple provide full redress for the CLRA violations complained of in this Class Action Complaint.  If Apple does not respond to this CLRA demand letter within 30 days of its receipt with an unconditional offer to provide all the relief requested for its alleged CLRA violations, Plaintiff intends to amend this Class Action Complaint to also include a prayer for money damages for these CLRA violations, as is permitted under Cal. Civil Code, § 1782(d).

57.    Plaintiff's CLRA venue affidavit required by California Civil Code, § 1780(c) is attached hereto as Exhibit 4.

<u>**COUNT III**</u>

**(False Advertising – Violation Of California Bus. and Prof. Code, §§ 17500 *et seq.*)**

58.    Plaintiff hereby incorporates by reference the allegations in paragraphs 1-57 of this Class Action Complaint with the same force and effect as if those allegations had been fully restated herein.

59.    Apple's representations in connection with the sale of iCloud subscriptions to class members that "Your Account is allocated 5GB of storage capacity as described in the iCloud feature pages. *Additional storage* is available for purchase, as described below" together with Apple's representations of the three iCloud subscription plan tiers and the additional iCloud storage capacity limits Apple would provide in exchange for payment of each plan were and are false and misleading within the meaning of California Business and Professions Code, § 17500 because, *inter alia*, Apple did not disclose that Apple would shortchange by 5 GB each of the class members who subscribed to any Apple iCloud subscription plan by not providing the paid iCloud storage as "[a]dditional storage" to the 5 GB of free iCloud storage Apple already had promised to provide.

60.    These representations were uniformly communicated to all class members because they were included in and formed a key part of Apple's iCloud agreements with all class members. The representations were actually false and/or misleading because Apple did not actually provide the total iCloud storage capacity that its representations claimed Apple would provide. These statements would have a tendency to mislead or deceive a reasonable consumer and did deceive and mislead Plaintiff.

61.    Plaintiff and class members were harmed as a proximate, direct, and foreseeable result of Apple's false statements in connection Apple's sale of iCloud subscriptions to class members. Had Apple disclosed that instead of providing the paid iCloud storage capacity it promised to provide as "additional storage" the 5 GB of free iCloud storage Apple was, in fact, providing that paid iCloud

-18-

storage capacity as including the 5 GB of storage Plaintiff and the class members were receiving and entitled to receive for free, Plaintiff and the class members would either not have subscribed to Apple's iCloud or would not have agreed to pay Apple as much as they did for their iCloud subscription.

62.     Apple's false and misleading statements alleged herein amount to false advertising within the meaning of California's False Advertising Law, California Business and Professions Code, §17500 *et seq.*

63.     Apple continues to make the same false and misleading statements with respect to its iCloud cloud storage service, such that, unless it is enjoined from doing so, Plaintiff and class members will continue to be harmed because they will not know if the total iCloud storage capacity they will be provided will conform to Apple's representations and advertising.  Plaintiff and the class members therefore are entitled to and pray for an injunction to prevent Apple from continuing to disseminate these false and misleading statements.

64.     Pursuant to California Business and Professions Code, §17535, Plaintiff and the class members are entitled to and seek an order of restitution for moneys paid by them to Apple for their iCloud subscriptions during the Class Period applicable to this Count III of the Class Action Complaint.

## COUNT IV

**(Violations of California's UCL – Cal. Business and Professions Code, § 17200 *et seq.*)**

65.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1-64 o this Class Action Complaint with the same force and effect as if those allegations had been fully restated herein.

66.     Apple's business practice in connection with the sale of iCloud subscriptions to Plaintiff and class members as alleged herein is unlawful within the meaning of California's UCL (Bus. and Prof. Code, § 17200 *et seq.*)  because it violates, *inter alia*, California's Consumer Legal Remedies Act (Cal. Civil Code, §§ 1750 et seq.), California's False Advertising Law (Cal. Bus. and Prof. Code, § 17500 *et seq.*), and also because it amounts to a breach of contract.

-19-

67.     Apple's business conduct alleged herein with respect to Apple's iCloud subscription sales also independently amounts to an unfair business practice within the meaning of the UCL (Bus. and Prof. Code, § 17200 *et seq*.).  Apple's misrepresentation as to the total iCloud storage capacity it is providing to class members causes substantial economic injury that Plaintiff and class members cannot avoid precisely because Apple fails to inform Plaintiff and the class members that Apple is shortchanging by 5 GB the iCloud storage capacity it promised to provide to each class member.    Apple's business practice is not outweighed by any countervailing benefits to consumers or competition.

68.     Apple's business conduct alleged herein with respect to Apple's iCloud subscription sales also independently amounts to a deceptive business practice within the meaning of the UCL (Bus. and Prof. Code, § 17200 *et seq*.).   Apple's misrepresentations as to the "[a]dditional storage" it is proving to class members for as part of their paid iCloud subscriptions (now called "iCloud+") when, in fact, Apple does not provide the additional storage capacity it has promised to supply, has permitted Apple to charge a premium for class members' iCloud subscriptions.

69.     During the time that Apple engaged in this unlawful business practice, Plaintiff and class members conveyed money to Apple in the form of the iCloud subscription fees they paid Apple.  Apple acquired this money from Plaintiff and class members by resort and use of this unlawful, unfair, and deceptive business practice.

70.     Plaintiff and class members pray for an order of restitution, restoring to them the money they conferred on Apple while Apple engaged in the unlawful business practices alleged herein.  Plaintiff also prays for an injunction to prohibit Apple from continuing to engage in the unlawful, unfair, and deceptive conduct alleged herein.

*Bodenburg, et al. v. Apple, Inc.*,                                                    CLASS ACTION COMPLAINT
No.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of herself and on behalf of the members of the class, requests award and relief as follows:

A. An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

B. With respect to Plaintiff's breach of contract claim (Count I), an award of damages to compensate for Apple's material breach of the iCloud agreements, as proved at trial;

C. With respect to Count II for violations of the CLRA, an order granting Plaintiff and the class members declaratory, injunctive, and equitable relief against Apple, as set forth in Count II;

D. With respect to Counts III and IV for violations of California's FAL and UCL, respectfully, restitution in such amount to be determined by the Court;

E. An Order directing Apple to disseminate a Court-approved notice to the absent Class members, informing them about the pendency of this class action, and their rights in that regard;

F. An order establishing a common fund to be funded by Apple from which any and all damages and restitution amounts awarded to class members may be paid, and from which Plaintiff's counsel may be awarded and paid their reasonable attorneys' fees and costs of suit;

G. An award of attorneys' fees and costs of suit under, *inter alia*, the common-benefit or common fund doctrine to compensate Plaintiff's counsel for their reasonable fees and costs expended in litigating this matter on behalf of the class;

H. Such other relief as the Court deems just and proper based on the evidence submitted.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

-21-

*Bodenburg, et al. v. Apple, Inc.*,                                    CLASS ACTION COMPLAINT
No.

1    Dated: August 25, 2023                    Respectfully submitted,

2

3                                              /s/ Roy A. Katriel
                                               ROY A. KATRIEL (SBN 265463)
4                                              **THE KATRIEL LAW FIRM, P.C.**
                                               2262 Carmel Valley Rd., Suite 201
5                                              Del Mar, CA  92014
                                               Telephone: (619) 363-3333
6                                              Facsimile: (866) 832-5852
                                               e-mail: rak@katriellaw.com

7                                              RALPH B. KALFAYAN (SBN 133464)
                                               IAN D. KRUPAR (SBN 350391)
8                                              **THE KALFAYAN LAW FIRM, APC**
                                               2262 Carmel Valley Rd., Suite 200
9                                              Del Mar, CA 92014
                                               Telephone: (619) 232-0331
10                                             Facsimile: (619) 232-4019
                                               e-mail: ralph@rbk-law.com
11                                             e-mail: ian@rbk-law.com

12                                             *Counsel for Plaintiff Lisa Bodenburg and the*
                                               *Putative Class*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                          -22-
28   *Bodenburg, et al. v. Apple, Inc.,*                    CLASS ACTION COMPLAINT
     No.